IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICAH ANDERSON,

Plaintiff,

vs.

LANCE FRITZ, and UNION PACIFIC CORPORATION,

Defendants.

8:22CV369

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's correspondence docketed as a "Motion to Extend," and titled "updates on case," filed on January 17, 2023, seeking an update on the status of his case, requesting information regarding the "fundamentals of the Clerk's filing," and an extension of time to amend his Complaint (the "Motion"), which this Court construes as a motion for status and a motion to amend his Complaint. Filing No. 11.

**I. Case Status**

Aside from the instant Motion, there are three motions, all filed on October 25, 2022, pending in Plaintiff's case: a motion to proceed in forma pauperis (the "IFP Motion"), Filing No. 2; a motion for summons, Filing No. 3; and a motion for discovery, Filing No. 4.

**A. The Motions for Summons and Discovery**

In relation to the motions for summons and discovery, both are premature as the IFP Motion remains pending and the Court has not yet performed an initial review of the

Complaint. See *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in *in forma pauperis* prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b).") (citation omitted)); *Strawder v. Rollins*, No. 8:18CV47, 2018 WL 1136898, at *1 (D. Neb. Mar. 1, 2018) (dismissing motion for discovery without prejudice subject to refiling as premature as Plaintiff had not yet paid his initial partial filing fee and because initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) had not yet occurred). As no discovery may take place until after an initial review is performed and the Court determines this matter may proceed to service of process, both motions shall be denied without prejudice.

    B. The IFP Motion

The IFP Motion is appropriately before this Court. However, the Court has yet to rule on it as a trust account statement, which is necessary to address the IFP Motion and calculate the initial partial filing fee, has yet to be received from the institution where Plaintiff is housed or from the Plaintiff himself. On November 10, 2022, the Court sent a letter to Cook County Corrections, in Chicago, Illinois (the "CCC"), where Plaintiff is housed, requesting his trust account statement. Filing No. 8. Due to the institution's lack of response to the Court's November 10th letter, the Court sent a second letter requesting Plaintiff's trust account statement to the CCC on January 19, 2023, Filing No. 12. Of note, while the Court has requested statements from the CCC, pursuant to the Prison Litigation Reform Act of 1995 (the "PLRA"), 28 U.S.C. § 1915(a)–(h), it is a prisoner's duty to provide the Court with a certified copy of their institutional trust account statement in support of a

motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(2) (a prisoner seeking to bring a civil action without prepayment of fees or security must submit an application and affidavit to proceed without prepayment of fees and a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the complaint obtained from the appropriate official of the prison at which the prisoner is or was confined).

If the Court does not receive a response to its January 19 letter from the CCC by February 21, 2023, Plaintiff is on notice that he must submit his trust account statement to this Court by March 23, 2023, or this matter will be subject to dismissal without further notice. The Court notes, however, that Plaintiff need not wait until the February 21 deadline for the CCC to respond and may supply a *certified* copy of his trust account statement to expedite the case's progression at any time.

## II. Motion to Extend Time to Amend Complaint

In response to Plaintiff's request for an extension of time to amend his Complaint, a district court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a). "A decision whether to allow a party to amend her complaint is left to the sound discretion of the district court . . . " *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)). However, pursuant to Nebraska Local Rule of Practice 15.1, "[a] party who moves for leave to amend a pleading ... shall file as an attachment to the motion an unsigned copy of the proposed amended pleading." Additionally, "[t]he motion for leave to amend shall set forth specifically the amendments proposed to be made to the original pleading, . . ."

Plaintiff did not comply with the local rules when filing his motion to amend his Complaint. Furthermore, to the extent Plaintiff seeks additional time to amend his Complaint, the Court finds any extension unnecessary as Plaintiff may generally file a motion to amend his Complaint at any time in the early stages of these proceedings. *See* Fed. R. Civ. P. 15 (a)(1) (pretrial amendments to a pleading permitted within 21 days of serving the pleading or service of a responsive pleading or at any other time with the opposing party's consent or the court's leave). Accordingly, Plaintiff's motion is denied without prejudice to refiling a motion in compliance with the local rules

### III. Conclusion

Therefore, for the reasons set forth herein, it is **HEREBY ORDERED**:

1. The Plaintiff's motion for extension of time to amend his Complaint, Filing No. 11, is **DENIED without prejudice** to refiling a motion in compliance with the local rules.

2. To the extent the Plaintiff requests information regarding the "fundamentals of the Clerk's filing," *Id.* at 1, the Court cannot determine what relief he seeks via his request, therefore his request is **DENIED without prejudice**, subject to refiling a new motion further explaining the relief sought.

3. The motion for summons, Filing No. 3, and motion for discovery, Filing No. 4, are **DENIED without prejudice**.

4. If a response to the Court's January 19, 2023, letter to Cook County Corrections is not received by February 21, 2023, Plaintiff shall have until **March 23, 2023**, to submit his certified trust account statement to this Court, or this matter will be subject to dismissal without further notice.

4

5. The Clerk of Court shall set a pro se case management deadline using the following text: **March 23, 2023:** deadline to receive trust account statement.

Dated this 23rd day of January, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court