IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICAH ANDERSON,

    Plaintiff,

vs.

LANCE FRITZ, and UNION PACIFIC CORPORATION,

    Defendants.

8:22CV369

MEMORANDUM AND ORDER

    This matter is before the Court on Plaintiff's initial Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, his second IFP motion, Filing No. 16, and his request for "Extending of Time," Filing No. 15, which this Court construes as a motion to extend time to comply with the Show Cause Order issued by this Court on April 6, 2023, Filing No. 14. For the reasons set forth below the Court shall grant Plaintiff's initial IFP motion and shall deny his second IFP motion and motion for extension as moot.

    The Prison Litigation Reform Act ("PLRA") requires prisoner plaintiffs to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), a plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of a plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. See *Jackson,* 173 F. Supp. 2d at 957 n. 9. Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

Here, on April 6, 2023, this Court issued an order requiring Plaintiff to show cause within 30 days why his case should not be dismissed for failure to comply with the Court's Order by providing a copy of his certified trust account statement, or alternatively, by payment of the filing fee if Plaintiff no longer wished to proceed in forma pauperis. Filing No. 14. On May 19, 2023, in compliance with the show cause order, the Court received a certified copy of Plaintiff's inmate account statement attached to a second motion to proceed IFP, indicating Plaintiff has had a zero balance for the last six months. Filing No. 16 at 3. As such, this matter will proceed without payment of the initial partial filing fee, which instead will be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 2, is granted. The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the Court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

2. The Clerk's Office shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution.

3. Plaintiff's second IFP motion, Filing No. 16, and his motion for extension, Filing No. 15, are denied as moot.

4. Plaintiff is advised that the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 23rd day of May, 2023.

BY THE COURT:

*Joseph F. Bataillon* (signature)

Joseph F. Bataillon
Senior United States District Court