IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICAH ANDERSON, | |
| Plaintiff, | 8:22CV369 |
| vs. | |
| LANCE FRITZ, and UNION PACIFIC CORPORATION, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff, a prisoner proceeding in forma pauperis, filed a civil Complaint on October 25, 2022, Filing No. 1, and a motion to extend time to "have Some Evidencing my claim" and a service form which this Court construes as a motion for discovery and summons (the "Motion for Discovery and Summons"), Filing No. 18. The Court considers the Motion for Discovery and Summons and shall conduct its initial review of the Complaint under 28 U.S.C. § 1915(e)(2). The Court shall deny the Motion for Discovery and Summons without prejudice and finds that summary dismissal of the Complaint is appropriate but sua sponte grants Plaintiff leave to amend the Complaint.

I. INITIAL REVIEW

A. Summary of Complaint

As it stands, Plaintiff's Complaint, Filing No. 1 is incomprehensible. Plaintiff, filed a complaint, naming Lance M. Fritz ("Mr. Fritz"), President of Union Pacific Corporation,

and Union Pacific Corporation as defendants, *id.* at 2, but failed set forth any jurisdictional basis for his suit. It appears that Plaintiff's alleged claims arise from a proceeding he references as the "Blanker Bond Proceedings" involving copyrights and/or patents relating to "Auto Manuals, Templates, Transcripts and Manuscripts . . . Heritage Correspondence . . . and [his] IP. Brain Machine Interface Adlitem Apprentist [sic] Programs," which Mr. Fritz and/or an unnamed "Executive" provided testimony or was otherwise involved with. *Id.* at 4. Plaintiff further submits that "[t]he Corporation have not given me my Auto-Mechanical Institution Technician Adlitem [sic] Law Library Administration Archivals and my Library of Congress Appointed Appointment with Copy Right Royalty Judge Maters [sic] Files. My Master Files. Court Reports Law Library Administration Archivals." *Id.* at 5.

Plaintiff's stated relief seeks "FINRA Securities and Sureties . . . postage USDA and USPS," return of notes, archived materials, and other written personal property and "Apprentest [sic] Programs." *Id.* at 6.

### B. Initial Review Standard

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## C. Discussion

Plaintiff's Complaint suffers from several deficiencies, which if unaddressed, require its dismissal.

As an initial matter, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The mere suggestion of such a "federal question" is not sufficient to establish the jurisdiction of federal courts; rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Federal district courts also have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted).

Here, Plaintiff does not set forth any factual or legal basis for a federal claim under the Constitution, laws, or treaties of the United States. Even construing the Complaint liberally, it does not contain allegations reasonably suggesting federal question jurisdiction exists in this matter. In addition, although it appears possible for the Complaint to proceed in diversity based on citizenship of the parties, Plaintiff seeks no money damages, rendering the amount in controversy requirement for diversity unmet. Therefore, the Court finds subject-matter jurisdiction is not proper in this action pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. To proceed before this Court, Plaintiff must amend his Complaint to establish a jurisdictional basis for this Court's review, or his Complaint must be dismissed.

Further, the Court has reviewed Plaintiff's Complaint and finds it is unintelligible. Although complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). Here, Plaintiff's Complaint fails to meet this minimal pleading standard, as the Court cannot discern any cognizable claim for relief as the Complaint lacks enough information for this Court to determine the subject matter of the claim, the time frame in which the events occurred, or the parties involved.

As such, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against the Defendants. *Plaintiff should be mindful to clearly identify the Defendants, explain what Defendants did to him, when Defendants did it, how Defendants' actions harmed him, what specific legal rights Plaintiff believes Defendants violated, and the jurisdictional basis for this Court to review his claim(s).* If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, the claims against Defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

## II. MOTION FOR DISCOVERY AND SUMMONS

In relation to the Motion for Discovery and Summons, Filing No. 18, it is premature as the Court has determined upon initial review that the Complaint may not proceed to service of process. *See Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in in forma pauperis prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b).") (citation omitted). As no discovery may take place until after the Court determines this matter may proceed to service of process, the Motion for Discovery and Summons shall be denied without prejudice.

Accordingly,

IT IS ORDERED:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, his claims against Defendants will be dismissed without further notice.

2. The Clerk's Office is directed to send to Plaintiff a copy of the civil complaint form.

3. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **September 8, 2023:** Check for amended complaint.

4. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

5. Plaintiff's Motion for Discovery and Summons, Filing No. 18, is denied without prejudice.

Dated this 9th day of August, 2023.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge

6