IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICAH ANDERSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>LANCE FRITZ, and UNION PACIFIC CORPORATION,<br><br>    Defendants. | 8:22CV369<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on what has been docketed as Plaintiff's Motion to Extend and Notice of Change of Address, Filing No. 24, filed on November 13, 2023. As set forth below, the Court construes Plaintiff's Motion as a motion for relief from judgment and will require Plaintiff to show cause why the Motion should not be denied.

  Plaintiff filed his Complaint, Filing No. 1, on October 25, 2022. After some delay in receiving Plaintiff's trust account information, the Court granted Plaintiff leave to proceed in forma pauperis on May 23, 2023. Filing No. 17. On August 9, 2023, the Court conducted an initial review of the Complaint and determined it failed to state a claim upon which relief could be granted as it was unintelligible and failed to meet the minimal pleading standard in Federal Rule of Civil Procedure 8. Filing No. 19. The Court gave Plaintiff 30 days to file an amended complaint in the absence of which the case would be dismissed without further notice. After Plaintiff failed to file an amended complaint, the Court dismissed this case without prejudice on October 3, 2023. Filing No. 20; Filing No. 21. The October 3, 2023, order and judgment were returned to the Court as undeliverable after two attempted mailings. See Filing No. 22; Filing No. 23. On November 13, 2023, Plaintiff filed the present Motion in which he asks the Court to

excuse any lateness on his part and proceed with his case because he was held in segregation without mailing supplies for "over 30 days" and was placed at a new facility. Filing No. 24 at 1. Plaintiff also asks the Court to give him "a 65 day notice," which the Court liberally construes as a request for an extension. *Id*.

Liberally construed, Plaintiff's Motion may be treated as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Here, the only relevant provisions are Rule 60(b)(1) and (6). Based on the information Plaintiff provides in his Motion, however, the Court cannot determine whether Plaintiff has demonstrated any extraordinary circumstance or mistake, inadvertence, surprise, or excusable neglect that would warrant relief from the Court's dismissal of this matter. Plaintiff represents he was placed in segregation over 30 days and moved to a new facility, but he does not provide any timeframes for when these events occurred. While it can be assumed that he moved facilities prior to the Court's

entry of the October 3, 2023, dismissal, there is no indication in the record that Plaintiff did not receive the Court's August 9, 2023, Memorandum and Order directing him to file an amended complaint within 30 days. Without knowing when exactly Plaintiff moved facilities or was placed in segregation without access to mailing supplies, the Court is unable to determine whether Plaintiff's failure to file an amended complaint or request an extension prior to the Court's dismissal resulted from circumstances warranting relief from the judgment in this case.

Accordingly, the Court will require Plaintiff to show cause why he should obtain relief from the Court's judgment by specifying the dates he was held in segregation and when he was transferred to his new facility. To that end, the Court will grant, in part, Plaintiff's request for an extension to the extent that Plaintiff shall have 45 days, or until June 17, 2024, to submit a response to this show cause order. In the absence of a response to this order, Plaintiff's Motion, Filing No. 24, will be denied and this matter will remain closed.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **June 17, 2024**, to submit a written response to the Court specifying the dates he was held in segregation and when he was transferred to his new facility.

2. The Court will reserve ruling on Plaintiff's Motion to Extend and Notice of Change of Address, Filing No. 24, construed as a motion for relief from judgment, until after Plaintiff has an opportunity to respond to this order.

3

3. The Clerk of Court is directed to send a copy of the Court's October 3, 2023, Memorandum and Order, Filing No. 20, and Judgment, Filing No. 21, along with a copy of this Memorandum and Order to Plaintiff at the following address:

Micah Anderson
M08097
2600 N. Brinton Avenue
Dixon, IL 61021.

4. The Clerk of Court is further directed to update Plaintiff's address information in the Court's records to match the address above.

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **June 17, 2024**: check for Plaintiff's response to show cause order.

Dated this 1st day of May, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge