IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICAH ANDERSON,

Plaintiff,

vs.

LANCE FRITZ, and UNION PACIFIC
CORPORATION,

Defendants.

8:22CV369

MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Extend (the "Second Motion for Relief"), filed by Plaintiff Micah Anderson ("Plaintiff") on August 8, 2024, Filing No. 27, which this Court construes as seeking 60 days to respond to this Court's May 1, 2024, order to show cause (the "Order to Show Cause"), Filing No. 25, which Plaintiff previously failed to respond to, Filing No. 27.

For the reasons that follow, the Court shall grant Plaintiff's request for an extension but shall otherwise suspend ruling on the Second Motion for Relief until Plaintiff has filed a response to this Memorandum and Order or the time to do so has passes.

Plaintiff filed his Complaint, Filing No. 1, on October 25, 2022.  After some delay in receiving Plaintiff's trust account information, the Court granted Plaintiff leave to proceed in forma pauperis on May 23, 2023.  Filing No. 17.  On August 9, 2023, the Court conducted an initial review of the Complaint and determined it failed to state a claim upon which relief could be granted as it was unintelligible and failed to meet the minimal pleading standard in Federal Rule of Civil Procedure 8. Filing No. 19.  The Court gave Plaintiff through and until September 8, 2023, to file an amended complaint in the absence of which the case would be dismissed without further notice.  Filing No. 19 at 6.  After

Plaintiff failed to file an amended complaint, the Court dismissed the case without prejudice on October 3, 2023. Filing No. 20; Filing No. 21. The October 3, 2023, order and judgment were returned to the Court as undeliverable after two attempted mailings. *See* Filing No. 22; Filing No. 23.

On November 13, 2023, Plaintiff filed a Motion to Extend and Notice of Change of Address which this Court construed as a motion for relief from judgment (the "Motion for Relief"). Filing No. 24. In the Motion for Relief, Plaintiff sought relief from the judgment of dismissal, arguing that due to his placement in segregation at a new facility for over 30 days without access to mail or writing supplies he was unable to file an amended complaint or otherwise respond to the August 9, 2023, Memorandum and Order. *Id.*

The Court addressed the Motion for Relief on May 1, 2024. Filing No. 25. While the Court presumed that Plaintiff had received the August 9, 2023, Memorandum and Order requiring Plaintiff to amend his complaint, it was unclear when Plaintiff was transferred to a new facility and when he was placed in segregation without access to mailing supplies. *Id.* at 3. As the Court was "unable to determine whether Plaintiff's failure to file an amended complaint or request an extension prior to the Court's dismissal resulted from circumstances warranting relief from the judgment in this case," the Court required Plaintiff to show cause why he should obtain relief from the Court's judgment by filing a written response specifying the dates he was held in segregation and when he was transferred to his new facility (the "Order to Show Cause"). *Id.* Plaintiff was granted through and until June 17, 2024, in which to respond to the Order to Show Cause. *Id.* However, Plaintiff failed to file anything into the case including a response to the Order to

Show Cause, resulting in this Court's denial of the Motion for Relief on July 26, 2024, and the matter remaining closed.  Filing No. 26.

In the Second Motion for Relief, Plaintiff now seeks a second chance to respond to the Show Cause Order, arguing that due to his placement in segregation and an investigation into his mail, he was unable to respond until after the deadline to do so had passed as he was released from segregation on July 30, 2024.  Filing No. 27 at 1.  Plaintiff argues that he now has access to mail and seeks to move forward with his case, providing an updated address at a new facility, and seeking 60 additional days in which to comply. Filing No. 27 at 1.

It still remains unclear as to when exactly Plaintiff moved facilities or was placed in segregation and how that affected his ability to respond to multiple orders of this Court. As such this Court remains unable to determine whether Plaintiff's failure to file an amended complaint or request an extension prior to the Court's dismissal resulted from circumstances warranting relief from the judgment in this case.

Accordingly, the Court will require Plaintiff to respond to the May 1, 2024, Order to Show Cause explaining why he should obtain relief from the Court's judgment of dismissal by specifying the dates he was held in segregation and/or transferred to a new facility during the time frame between August 9, 2023, when Plaintiff was ordered to amend his complaint, and October 3, 2023, when the judgment of dismissal was entered.  To that end, the Court will grant, in part, Plaintiff's request for an extension to the extent that Plaintiff shall have 30 days, or until **December 2, 2024**, to submit a response to the Order to Show Cause.  In the absence of a response, Plaintiff's Second Motion for Relief, Filing No. 27, will be denied and this matter will remain closed.

3

IT IS THEREFORE ORDERED that:

1.      Plaintiff's request for an extension is granted to the extent that Plaintiff shall have until **December 2, 2024**, to submit a written response to the Court's Order to Show Cause at Filing No. 25, specifying <u>only</u> the dates Plaintiff was held in segregation and when he was transferred to a new facility (or facilities) between August 9, 2023, and October 3, 2023.  **<u>Plaintiff should not prepare an amended complaint or address any other issues relating to the claims and relief sought in his Complaint at this time. <u>If</u> his case is reopened the Court will issue new deadlines for compliance with this Court's August 9, 2023, Memorandum and Order.</u>**

2.      The Court will reserve ruling on Plaintiff's Second Motion for Relief, Filing No. 27, construed as a motion for relief from judgment, until after Plaintiff has an opportunity to respond to this order.

3       Failure to respond to this order will result in the case remaining closed.

4.      If Plaintiff requires additional time to respond he must file a written motion seeking an extension of time to reply before the expiration of the **December 2, 2024**, deadline for compliance.

5.      The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **December 2, 2024**: check for response to show cause order.

Dated this 30th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court